**THIS DISPOSITION IS
CITABLE AS PRECEDENT
OF THE TTAB**

Hearing:
August 1, 2002

Mailed:   June 11, 2003
Paper No. 22
RFC

## UNITED STATES PATENT AND TRADEMARK OFFICE

### Trademark Trial and Appeal Board

In re WNBA Enterprises, LLC

Serial No. 75/599,525

Anil V. George of NBA Properties, Inc. for WNBA Enterprises, LLC.

Brett Tolpin, Trademark Examining Attorney, Law Office 107 (Thomas Lamone, Managing Attorney).

Before Sams, Chief Administrative Trademark Judge, and Cissel, Seeherman, Quinn, Hohein, Hairston, Bottorff and Drost, Administrative Trademark Judges.[1]

Opinion by Cissel, Administrative Trademark Judge:

On December 4, 1998, applicant filed the above-identified application to register the mark shown below

---

[1] The oral hearing was conducted before Judges Cissel, Bottorff and Drost. The panel was subsequently augmented to include the additional judges indicated.



on the Principal Register for the following goods: "publications and printed matter, namely, basketball trading cards, dance team trading cards, mascot trading cards, entertainment trading cards, stickers, decals, commemorative basketball stamps, collectible cardboard trading discs, memo boards, clip boards, coasters, postcards, placemats of paper and plastic, note cards, memo pads, ball point pens, pencils, 3-ring binders, stationery folders, wirebound notebooks, portfolio notebooks, unmounted and mounted photographs, posters, calendars, bumper stickers, book covers, wrapping paper, children's activity books, statistical books, guide books and reference books for basketball, magazines in the field of basketball, commemorative game programs, paper pennants, stationery, stationery-type portfolios, and statistical sheets for basketball topics, newsletters and pamphlets in the field of basketball for distribution to the television and radio media," in Class 16. The application was filed

under Section 1(b) of the Lanham Act based on applicant's assertion that it intended to use the mark in commerce in connection with these products.

Although it is not clear in the drawing as reproduced above, the word "ORLANDO" is written along the top bar of the star design, and the original application included a disclaimer of "ORLANDO" apart from the mark as shown. The record shows that "Orlando Miracle" is the name of applicant's Women's National Basketball Association (WNBA) franchise located in Orlando, Florida.

In addition to identifying a potential problem with the identification-of-goods clause in the application, the original Examining Attorney required applicant to disclaim the wording "Orlando Miracle" apart from the mark as shown. Citing two Board decisions as precedents, she held that "Orlando Miracle" is merely descriptive within the meaning of Section 2(e)(1) of the Lanham Act in connection with statistical books, guide books and reference books for basketball, magazines in the field of basketball, commemorative game programs, statistical sheets for basketball topics, and newsletters and pamphlets in the field of basketball because the term identifies the subject matter of these items. In the first case cited by the Examining Attorney, In re San Diego National League

Baseball, Inc., 224 USPQ 1067 (TTAB 1983), the marks "San Diego Padres Report" and "Padres Report" were held to be merely descriptive of a periodic newsletter primarily about the San Diego Padres baseball team. In the second case cited as precedent, In re Wielinski, 49 USPQ2d 1754 (TTAB 1998), the mark "DIAMOND T" was held merely descriptive of publications about "DIAMOND T" trucks. These decisions were predicated on the long-standing interpretation of Section 2(e)(1) of the Lanham Act as requiring refusal on the ground of descriptiveness if a mark names the subject matter of a publication.

Responsive to the first Office Action, applicant presented arguments with respect to the acceptability of the identification-of-goods clause in the application as filed, and argued that adding a disclaimer of the word "miracle" should not be required because the term is not merely descriptive of any of the goods specified in the application. Applicant provided a dictionary definition of the word "miracle" as "a wonder, a marvel; an extraordinary event manifesting divine intervention in human affairs; an extremely outstanding or unusual event, thing or accomplishment; the timely natural phenomena experienced humanly as the fulfillment of spiritual law." Merriam Webster's Collegiate Dictionary (10th edition). Applicant

contended that "ORLANDO MIRACLE" does not immediately or directly convey any information about the goods specified in the application or any information that the subject matter of them is the sport of basketball.

Applicant distinguished the legal precedent cited by the Examining Attorney. Applicant noted that since the decision in In re San Diego National League Baseball, Inc., supra, was rendered in 1983, the U.S. Patent and Trademark Office had consistently allowed, without disclaimer or resort to Section 2(f) of the Act, registration of sport team names for publications and other goods in Class 16 as long as the marks do not include the common commercial name for the goods. Applicant attached as exhibits forty-nine such registrations which were issued to applicant and to National Basketball Association member teams for goods in Class 16. Additionally, applicant included the results of its own search of a computerized database of published articles. All 720 references identified by this search for the words "ORLANDO MIRACLE" referred to applicant's basketball team. Applicant argued that the results of this search establish that its mark, instead of being descriptive, is, in fact, a very distinctive and quite well known mark which is recognized as referring to applicant.

The Examining Attorney was not persuaded by applicant's arguments or evidence, and with the second Office Action, she made the requirement for a disclaimer of "ORLANDO MIRACLE" final. Attached were excerpts from newspaper articles showing that other teams have offered commemorative programs providing information about their teams as souvenirs at their games.

Applicant timely filed a response to the final requirement and a request for reconsideration, along with a Notice of Appeal. Applicant included a listing of what it asserted are well known trademarks as well as records obtained from the U.S. Patent and Trademark Office regarding registrations of such marks for goods which appear to include publications about the primary products or services of the particular registrants, and which were registered without disclaimers or Section 2(f) claims. For example, "SONY" is registered for "magazines featuring electronic products and audio/video entertainment"[2] in Class 16.

The Board instituted the appeal, but suspended action on it and remanded the application to the Examining Attorney for reconsideration. Because of the

---

[2] Reg. No. 1,835,430, issued in 1994 and currently valid and subsisting.

6

unavailability of the original Examining Attorney, the Office reassigned the application to a different Examining Attorney, who reconsidered the requirement for the disclaimer in light of applicant's arguments and evidence. Stating that he was bound by the legal precedents, not by errors committed by other Examining Attorneys in other applications, he again cited both In re San Diego National League Baseball, Inc. and In re Wielinski, supra, and maintained that the requirement for a disclaimer of "ORLANDO MIRACLE" is supported by these cases.

Both applicant and the Examining Attorney filed briefs on appeal. Applicant requested and was granted suspension of action on the appeal and remand for consideration of additional evidence consisting of copies of several of applicant's own registrations and copies of third-party registrations showing that several well known marks have been registered, without a disclaimer or a Section 2(f) claim, not just for the primary products or services of the registrants, but also for publications and printed materials such as those listed in the instant application, in Class 16. The Examining Attorney reconsidered the requirement based on the additional evidence made of record by applicant, but maintained the refusal to register in the absence of a disclaimer of "ORLANDO MIRACLE."

Ser No. 75/599,525

Applicant requested the oral hearing which was held before the Board on August 1, 2002. Both applicant and the Examining Attorney presented their arguments at that time.

Notwithstanding the protracted nature of the prosecution of this application, the sole issue before the Board in this appeal is whether the term "ORLANDO MIRACLE" is merely descriptive, within the meaning of Section 2(e)(1) of Lanham Act, of the Class 16 publications listed in the application. If it is merely descriptive of the goods under this section of the Act, the term must be disclaimed under Section 6(a) of the Act.[3]

Based on careful consideration of the arguments and the record in this application, as well as the legal precedents cited by both the applicant and the Examining Attorney, we hold that the requirement for a disclaimer of "ORLANDO MIRACLE" must be reversed.

As noted above, applicant has made of record almost fifty registrations of marks for publications which consist of or incorporate marks which are registered by the same registrants in connection with their primary goods or

_____

[3]The requirement for the disclaimer is based solely on the Examining Attorney's finding that the mark describes the subject matter of applicant's publications, and not on the ground that it is the title of a single published work, rather than a series of publications. See Herbko International Inc. v. Kappa Books Inc., 308 F.3d 1156, 64 USPQ2d 1375 (Fed. Cir. 2002); In re Cooper, 254 F.2d 611, 117 USPQ 396 (CCPA 1958).

8

services. The registrations do not include disclaimers of the primary term, nor were they registered pursuant to Section 2(f). On the other hand, the Examining Attorney has cited cases in which this Board has affirmed refusals to register marks for publications where the same mark was used in connection with the goods or services which were the subjects of the publications, finding that these marks were merely descriptive of the publications because they identified the subject matter of them.

We find that our decisions in In re San Diego National League Baseball, Inc. and In re Wielinski, supra, need to be reconsidered. Simply put, "ORLANDO MIRACLE" is applicant's trademark and service mark, identifying the source of the goods and services in connection with which applicant uses it. The primary use of the mark is to identify applicant's entertainment services in the nature of presentations of women's basketball games. However, in the same manner that "ORLANDO MIRACLE" is an inherently distinctive trademark when it is used in conjunction with applicant's entertainment services, it is an inherently distinctive trademark for applicant's publications. "ORLANDO MIRACLE" is not merely descriptive of applicant's publications because it does not name the subject matter of them. To the contrary, whereas the subject matter of

applicant's publications can be characterized as news about applicant's entertainment services, "ORLANDO MIRACLE" is the mark by which applicant identifies the source of the publications, in the same manner that it is the mark under which applicant renders its services. It is not the name of applicant's goods or applicant's services, nor is it a term which merely describes them.

Under the facts established by the record before us in the instant case, we cannot uphold the requirement for a disclaimer. Accordingly, we expressly overrule In re San Diego National League Baseball, Inc., and In re Wielinski, supra, to the extent that those decisions affirmed the refusals as to publications on the ground of mere descriptiveness.

To hold to the contrary would lead to the inequitable result that this applicant, as well as the owners of countless registrations for other marks covering their primary goods or services, could not register their marks in connection with printed materials relating to their primary goods or services without resorting to a claim of acquired distinctiveness under Section 2(f) of the Act.

DECISION: The requirement to disclaim the combined term "ORLANDO MIRACLE" is reversed. The disclaimer of the

geographically descriptive word "ORLANDO" submitted with

the application as originally filed remains of record.